IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

MOHAMED LUHIZO

PLAINTIFFS

vs.

CITY OF BURLINGTON, VERMONT;

BRANDON DEL POZO,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE FOR
THE CITY OF BURLINGTON, VERMONT;

JASON BELLAVANCE,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF BURLINGTON, VERMONT;

DEREK HODGES,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF BURLINGTON, VERMONT;

BRYAN KIRBY,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF BURLINGTON, VERMONT;
DEFENDANTS

CORY CAMPBELL,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF BURLINGTON, VERMONT;

Civil Action
No. 2:20-cv-5

**JURY TRIAL DEMANDED**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

BY 1/8/20 KP
DEPUTY CLERK

1

## COMPLAINT FOR MONETARY DAMAGES AND DECLARATORY RELIEF

### I. JURISDICTION

1. Jurisdiction of this court is attained pursuant to 28 U.S.C. § 1331, 1343(a), (3) and (4), and 2201 and is based on causes of action arising under 42 U.S.C. § 1983 and Bivens v. Six Unknown Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed. 2d 619 (1971). Plaintiff further invokes the pendent jurisdiction of the Court to hear and decide claims arising under Vermont state law.

### II. PARTIES

2. Plaintiff MOHAMED LUHIZO (hereinafter "MOHAMED") was at all times mentioned herein, a resident of the State of Vermont.

3. Defendant CITY OF BURLINGTON is a municipality within the State of Vermont and owns, operates, manages, directs and controls the Burlington Police Department which employs Defendants JASON BELLAVANCE (hereinafter "BELLAVANCE"), DEREK HODGES (hereinafter "HODGES") BRYAN KIRBY (hereinafter "KIRBY"), and CORY CAMPBELL (hereinafter "CAMPBELL").

4. Defendant HODGES is, and was at all times mentioned herein, an officer with the City of Burlington Police Department and acting under color of state law. HODGES participated in the events described below. He is being sued in his individual and official capacities.

5. Defendant BELLAVANCE is, and was at all times mentioned herein, an officer with the City of Burlington Police Department and acting under color of state law. BELLAVANCE participated in the events described below. He is being sued in his individual and official capacities.

6. Defendant CAMPBELL is, and was at all times mentioned herein, an officer with the City of Burlington Police Department and acting under color of state law. CAMPBELL participated in the events described below. He is being sued in his individual and official capacities.

7. Defendant KIRBY is, and was at all times mentioned herein, an officer with the City of Burlington Police Department and acting under color of state law. KIRBY participated in the events described below. KIRBY is being sued in his individual and official capacities.

8. Defendant BRANDON DEL POZO (hereinafter "DEL POZO") was at all times mentioned herein, the chief of police of the Burlington Police Department and acting under color of state law. DEL POZO is ultimately responsible for the control, training, supervision and discipline of officers of the Burlington Police Department. DEL POZO is being sued in his individual and official capacities.

### III. NATURE OF ACTION

9. This action is brought by MOHAMED to recover damages which he has suffered, and which he continues to suffer, and to declare unconstitutional, certain actions of defendants, who are a municipality, its police department, local police officers and the former chief of police. Defendants acting under color of state law have subjected MOHAMED to an illegal and unwarranted detention and to the unlawful, unreasonable and excessive use of force in effecting that detention.

## IV. PLAINTIFF MOHAMED LUHIZO'S FIRST CAUSE OF ACTION

10. On October 6th, 2018 Plaintiff MOHAMED was socializing among a group of friends in the area of 199 Main Street in the city of Burlington. Among the group was MOHAMED's brother, identified as LUHIZO LUHIZO (hereinafter "LUHIZO").

11. This gathering was not tumultuous or violent, it was a lawful gathering of citizens in a public place. During this time, officers on scene were overheard saying, "What are we doing over here?" and, "are we stopping this, or are we going to sit here and watch it happen?"

12. HODGES observed that LUHIZO was potentially injured and was attempting to fix his shoulder which was apparently out of its socket. HODGES also observed LUHIZO attempting to climb a tree, as well as rough housing with his friend, AHMED MUSEH (hereinafter "MUSEH").

13. While the two were roughhousing, no complaint or dissatisfaction was expressed by MUSEH against LUHIZO nor did any officers allege that MUSEH was the victim of any crime.

14. BELLAVANCE concluded that he needed to detain LUHIZO and BELLAVANCE and other officers at the scene brought LUHIZO to the ground on his stomach.

15. While on the ground, LUHIZO shouted multiple times that he could not breathe. LUHIZO stated that he could not be on his chest and that he "just wants to breathe." At one point, a bystander approached the group of officers and requested multiple times that the officers do something to ensure LUHIZO could breathe.

16. MOHAMED became fearful for his brother who was lying in front of him, screaming that he could not breathe while multiple police officers were on top of him. During this series of

4

events, MOHAMED approached and attempted to render aid to his brother; during his approach, he came into physical contact with an officer.

17. Upon realization that he came into physical contact with an officer, MOHAMED ran away from the Officers for fear of his own safety.

18. BELLAVANCE, HODGES, KIRBY, and CAMPBELL were, at all times mentioned herein, Law Enforcement Officers employed by the City of Burlington Police Department.

19. After approximately ten seconds of running, MOHAMED stopped near the sidewalk on Main Street.

20. Immediately after stopping, MOHAMED was tackled by CAMPBELL and was pinned on the ground. MOHAMED was now immobile and no longer resisting the authority of the officers.

21. After being tackled, KIRBY also positioned himself on top of MOHAMED and assisted CAMPBELL in taking MOHAMED into custody.

22. At no point did any officers command MOHAMED to stop resisting.

23. HODGES was also involved in the pursuit of MOHAMED.

24. Once HODGES began to pursue MOHAMED, HODGES could be heard saying, "Get that fucker. Get that motherfucker," in reference to MOHAMED.

25. HODGES was the third officer to approach MOHAMED, who was now laying on the ground on his stomach with CAMPBELL and KIRBY, pinning him to the ground.

26. HODGES ran around CAMPBELL and KIRBY and then dropped his knee onto MOHAMED's face with significant force.

27. MOHAMED was already in the custody of CAMPBELL and KIRBY when HODGES dropped his knee onto MOHAMED'S face.

28. After HODGES' knee struck MOHAMED's face, MOHAMED shouted, "Ow, my jaw! I just got hurt!" Bodycam footage shows a mixture of either blood and/or saliva on HODGES' uniform pants, as well as a splattering of blood on the concrete sidewalk. Blood is also seen inside MOHAMED's mouth.

29. During this detention, MOHAMED shouted that he had broken his tooth. Officers at the scene told onlookers to "Back the fuck up."

30. MOHAMED, who was spitting out blood, some which landed on the police cruiser, was then placed inside a Burlington Police Department cruiser.

31. MOHAMED'S friends approached the officers inquiring as to why the officers needed to assault MOHAMED, and why there was blood at the scene.

32. While walking away from the scene, KIRBY referred to MOHAMED as "that little fucker," and stated, "He might be missing a tooth. He's a shithead."

33. At the time of the incident involving MOHAMED, Defendant BELLAVANCE was under an internal affairs investigation for another excessive use of force case.

34. The failure of the City of Burlington and DEL POZO to enact more prompt or effective discipline onto BELLAVANCE resulted in another citizen suffering serious injuries as a result of the actions of officers under BELLAVANCE'S supervision.

35. KIRBY, HODGES and CAMPBELL'S use of force was without cause or justification.

36. KIRBY and HODGES' obscene language directed toward MOHAMED indicated an underlying malice toward him.

37. All criminal charges brought against MOHAMED as a result of this incident have been dismissed by the Chittenden State's Attorney's Office.

38. MOHAMED continues to suffer injuries as a result of the battery of HODGES, KIRBY and CAMPBELL including a metal plate being placed into his jaw and continued pain and discomfort long after the incident passed.

39. Officers HODGES, KIRBY and CAMPBELL'S intentional use of excessive force and physical brutality on MOHAMED constituted an illegal and unreasonable seizure of MOHAMED.

40. As a direct and proximate result of the actions of Defendants BELLAVANCE, HODGES, KIRBY, CAMPBELL, DEL POZO, and the CITY OF BURLINGTON, Plaintiff MOHAMED has suffered injuries and damages, including, but not limited to:

   a. Physical injury, treatment of which caused Plaintiff MOHAMED to incur medical and therapeutic fees and expenses, and associated incidental and consequential costs;

   b. Emotional trauma;

   c. Physical and mental pain and suffering;

   d. Disruption of normal body functioning;

   e. Humiliation and embarrassment;

41. Defendant CITY OF BURLINGTON, as a matter of policy and practice has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and the State of Vermont failed to adequately discipline, train, or otherwise direct or supervise police officers concerning the rights of citizens and victims, thereby causing police,

including Defendants BELLAVANCE, HODGES, KIRBY, and CAMPBELL, to engage in the unlawful conduct described above.

42. Defendant CITY OF BURLINGTON, as a matter of policy and practice, has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and the State of Vermont, failed to properly sanction or discipline police officers, including Defendants BELLAVANCE, HODGES, KIRBY and CAMPBELL, in this case, for violations of the constitutional rights of citizens and persons, thereby causing police, including Defendants BELLAVANCE, CAMPBELL, HODGES, KIRBY and CAMPBELL, to engage in the unlawful conduct set forth herein.

43. Defendant CITY OF BURLINGTON, as a matter of policy and practice, has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and The State of Vermont, failed to sanction and discipline police officers, including the Defendants DEL POZO, BELLAVANCE, HODGES, KIRBY and CAMPBELL, thereby causing police, including the Defendants DEL POZO, BELLAVANCE, HODGES, KIRBY and CAMPBELL to engage in the unlawful conduct set forth herein.

44. Defendant DEL POZO has with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and the State of Vermont, failed to adequately control, train, supervise and discipline police officers under his command, including Defendant BELLAVANCE, HODGES, KIRBY and CAMPBELL for violations of the constitutional rights of citizens and persons.

45. As a direct and proximate result of Defendants DEL POZO, BELLAVANCE, CAMPBELL, KIRBY, HODGES and the CITY OF BURLINGTON actions, all of which were

unreasonable, unnecessary, and excessive, and which were undertaken by Defendants with gross recklessness and callous indifference to Plaintiff MOHAMED's protected constitutional rights, privileges and immunities secured to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983 and the laws of the State of Vermont, in particular the right to be free from unlawful seizure.

### V. PLAINTIFF MOHAMED'S SECOND CAUSE OF ACTION

46. Plaintiff MOHAMED hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

47. The actions of CAMPBELL in this matter constitute an assault on MOHAMED.

48. The actions of KIRBY in this matter constitute an assault on MOHAMED.

49. The actions of HODGES in this matter constitute an assault on MOHAMED.

50. This Court has pendent jurisdiction to hear and adjudicate said claims.

### VI. PLAINTIFF MOHAMED'S THIRD CAUSE OF ACTION

51. MOHAMED hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

52. The actions of Defendants KIRBY, CAMPBELL, and HODGES in this matter constitute a battery against MOHAMED by causing unwanted physical contact with MOHAMED.

53. This Court has pendent jurisdiction to hear and adjudicate said claims.

### VII. PLAINTIFF MOHAMED'S FOURTH CAUSE OF ACTION

54. MOHAMED hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

55. The actions of Defendants KIRBY, CAMPBELL and HODGES in tackling and striking MOHAMED in the face, without cause or justification, constitutes intentional infliction of emotional distress.

56. Defendant's KIRBY, CAMPBELL, and HODGES's actions were intentional, extreme and outrageous, and were the actual and proximate cause of severe emotional distress to MOHAMED.

57. This Court has pendent jurisdiction to hear and adjudicate said claims.

### VIII PLAINTIFF MOHAMED'S FIFTH CAUSE OF ACTION

58. MOHAMED hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

59. The actions of Defendants KIRBY, HODGES and CAMPBELL in this case constitute gross negligence.

60. Defendants KIRBY, HODGES, and CAMPBELL as police officers acting under color of state law, owed MOHAMED a duty of care as a citizen.

61. Defendants KIRBY, HODGES and CAMPBELL'S acts were a gross deviation of the duty of care owed to MOHAMED and the actual and proximate cause of the damage suffered by MOHAMED.

62. This Court has pendent jurisdiction to hear and adjudicate said claims.

### IX. PLAINTIFF MOHAMED'S SIXTH CAUSE OF ACTION

63. MOHAMED hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.


64. Defendants CITY OF BURLINGTON, DEL POZO, and BELLVANCE have negligently failed to control, train, supervise and discipline police officers under their command, including KIRBY, HODGES and CAMPBELL, regarding the constitutional rights of citizens and persons, thereby causing police officers, including KIRBY, HODGES and CAMPBELL to engage in the unlawful conduct complained of herein.

65. This Court has pendent jurisdiction to hear and adjudicate said claims.

### X. PLAINTIFF MOHAMED'S SEVENTH CAUSE OF ACTION

57. MOHAMED hereby realleges and incorporates by reference all prior allegations as though fully set forth here.

58. In 2001, Defendant DEL POZO published an academic article which concludes that racial profiling is an effective law enforcement strategy.

59. In 2015, The City Council of the CITY OF BURLINGTON, had knowledge of DEL POZO's academic writing prior to the time he was selected as the Police Chief for the CITY OF BURLINGTON.

60. In spite of the official written policies of Defendant CITY OF BURLINGTON, Defendant DEL POZO has allowed a pattern of behavior to form within the ranks of the Burlington Police Department which encourages the unlawful use of force against minorities.

61. The pattern of behavior of Defendant CITY OF BURLINGTON is based upon disparate use of force and escalation of force in interactions with white persons and black persons. Specifically, officers identify themselves as law enforcement and issue verbal commands when encountering disorderly situations involving white persons. By contrast, officers fail to identify themselves, act aggressively towards and deploy sudden and overwhelming force, which

generally constitutes excessive force in and of itself, when encountering disorderly situations involving black persons.

62. The implementation of this pattern of behavior, which discriminates against MOHAMED on the basis of a protected status, in violation of the equal protection clause of the 14th Amendment, is a proximate cause of the injuries and damages suffered by MOHAMED.

63. In 2012, the Vermont Legislature mandated the adoption of bias-free policing policies.

64. Statistics compiled by the CITY OF BURLINGTON show that black persons are disproportionately represented in the pool of suspects who had force used against them and are over represented when compared to both whites and other races of people of color.

65. The disparate treatment of black persons has created an environment of racial animus and is a proximate cause of the injuries and damages suffered by MOHAMAD.

66. This Court has pendent jurisdiction to hear and adjudicate said claims.

## XI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs request the following relief:

a. Compensatory damages;

b. Punitive damages;

c. An order of this Court declaring the above actions of Defendants to be illegal and in violation of Plaintiffs' constitutional, statutory and common law rights;

d. Reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988 and other applicable authority;

e. Such other and further relief as appears reasonable, necessary, just and appropriate.

Dated at ~~Brattleboro~~ Pittsford, Vermont, this 8th day of January, 2020.

Respectfully Submitted,
MOHAMED LUHIZO

_____
EVAN CHADWICK, ESQ.
CHADWICK & SPENSLEY, PLLC
136 High Street
Brattleboro, VT 05301
(802) 257-7161
evan@chadwicklawvt.com