IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MOHAMED LUHIZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:20-cv-05 |
| ) | |
| CITY OF BURLINGTON, VERMONT ) | |
| ) | |
| BRANDON DEL POZO, ) | |
| INDIVIDUALLY AND IN HIS ) | |
| OFFICIAL CAPACITY AS CHIEF ) | |
| OF POLICE FOR THE CITY OF ) | |
| BURLINGTON, VERMONT ) | |
| ) | |
| JASON BELLAVANCE, ) | |
| INDIVIDUALLY AND IN HIS ) | |
| OFFICIAL CAPACITY AS A POLICE ) | |
| OFFICER FOR THE CITY OF ) | |
| BURLINGTON, VERMONT ) | |
| ) | |
| DEREK HODGES ) | |
| INDIVIDUALLY AND IN HIS ) | |
| OFFICIAL CAPACITY AS A ) | |
| POLICE OFFICER FOR THE CITY ) | |
| OF BURLINGTON, VERMONT ) | |
| ) | |
| BRYAN KIRBY, ) | |
| INDIVIDUALLY AND IN HIS ) | |
| OFFICIAL CAPACITY AS A POLICE ) | |
| OFFICER FOR THE CITY OF ) | |
| BURLINGTON, VERMONT ) | |
| ) | |
| CORY CAMPBELL ) | |
| INDIVIDUALLY AND IN HIS ) | |
| OFFICIAL CAPACITY AS A POLICE ) | |
| OFFICER FOR THE CITY OF ) | |
| BURLINGTON, VERMONT, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER

NOW COME the Defendants, The City of Burlington, Vermont ("City"), Police Chief Brandon del Pozo ("del Pozo"), Police Officer Jason Bellavance ("Bellavance"), Police Officer Derek Hodges ("Hodges"), Police Officer Bryan Kirby ("Kirby"), and Police Officer Cory Campbell ("Campbell") and hereby answers Plaintiff Mohamed Luhizo's Complaint in the above-captioned matter as follows.

### I.   JURISDICTION

1. Admitted in part and denied in part. Admitted that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 2201. Denied that this Court has jurisdiction pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). In addition, denied to the extent Plaintiff is attempting to create new causes of action, in violation of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

### II.   PARTIES

2. Admitted.

3. Admitted except to the extent this allegation suggests that the City of Burlington may be held responsible under a theory of *respondeat superior* or that the City of Burlington violated *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

4. Admitted except to the extent that the allegation suggests that Defendant Hodges violated any clearly established law.

5. Admitted except to the extent this allegation suggests that Defendant Bellavance may be held responsible under a theory of *respondeat superior*, that he failed to adequately train his officer, or that he violated any clearly established law.

6. Admitted except to the extent that the allegation suggests that Defendant Campbell violated any clearly established law.

2

7. Admitted except to the extent that the allegation suggests that Defendant Kirby violated any clearly established law.

8. Admitted except to the extent this allegation suggests that Defendant Del Pozo may be held responsible under a theory of *respondeat superior* or that he failed to adequately train his officers.

### III.    NATURE OF ACTION

9. Denied.

### IV.    PLAINTIFF'S FIRST CAUSE OF ACTION

10. Without sufficient knowledge and belief, therefore denied.

11. Without sufficient knowledge and believe, therefore denied.  Further denied to the extent the allegation mischaracterizes the "gathering" as a peaceful or nonviolent gathering. Further denied to the extent the allegation suggests that Defendants violated clearly established law.

12. Without sufficient knowledge and belief, therefore denied.  Further denied to the extent this allegation suggests that the Defendants violated clearly established law.

13. Admitted that Luhizo and Museh were involved in a fight, denied as to the remainder of this allegation.  Further denied to the extent this allegation suggests that Defendants violated clearly established law.

14. Admitted that Luhizo and Museh were involved in fight necessitating officer intervention.  Denied to the extent this allegation suggests the Defendants violated clearly established law.  Further denied to the extent the allegation suggests that the take-down method used by Defendants violated clearly established law.

15. Without sufficient knowledge and belief, therefore denied. Further denied to the extent this allegation suggests the Defendants violated clearly established law.

16. Admitted that Mohamed approached the Defendants. Denied as to the remainder of this allegation. Further denied to the extent this allegation suggests the Defendants violated clearly established law and to the extent the allegation mischaracterizes what the Defendants were perceiving in real time.

17. Admitted that Mohamed ran away. Denied as to the remainder of the allegation. Further denied to the extent the allegation suggests the Defendants violated any clearly established law and to the extent that the allegation mischaracterizes what the Defendants were perceiving in real time.

18. Admitted, except to the extent that the allegation suggests that any of the Defendants violated clearly established law or may be held liable under a theory of *respondeat superior*.

19. Without sufficient knowledge or belief and therefore denied.

20. Admitted that Mohamed had been and continued to resist the Defendants in the lawful execution of their duties; denied as to the remainder. Further denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

21. Admitted that Mohamed had been and continued to resist the Defendants in the lawful execution of their duties; denied as to the remainder. Further denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

22.   Without sufficient knowledge or belief, therefore denied. Further denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

23.   Admitted that Officer Hodges was engaged in the lawful execution of his duties as police officer. Denied to the extent this allegation suggests that the Defendants violated clearly established law.

24.   Without sufficient knowledge or belief, therefore denied. Further to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

25.   Admitted that Officer Hodges was engaged in the lawful execution of his duties as a police officer. Denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

26.   Admitted that Officer Hodges was engaged in the lawful execution of his duties as a police officer. Denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

27.   Denied. Further denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

28.   Denied. Further denied to the extent this allegation mischaracterizes the body camera footage, what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

29.     Denied. Further denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

30.     Admitted that Mohamed was placed in a police cruiser; denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

31.     Without sufficient knowledge or belief, therefore denied. Further denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

32.     Without sufficient knowledge or belief, therefore denied. Further denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

33.     Admitted that Sergeant Bellavance was under an internal affairs investigation; denied to the extent Plaintiff is suggesting that investigation had any relevancy to this dispute, to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

34.     Denied. Further denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.  Further denied to the extent this allegation suggests any of the Defendants may be held liable under a theory of *respondeat superior*.

35.     Denied.

36.     Denied.

37. Without sufficient knowledge or belief, therefore denied. Further denied to the extent this allegation mischaracterizes what the Defendants were perceiving in real time and to the extent this allegation suggests that the Defendants violated clearly established law.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

### V. PLAINTIFF'S SECOND CAUSE OF ACTION

46. Defendants hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

47. Denied.

48. Denied.

49. Denied.

50. Admitted that this Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent the allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

## VI.   PLAINTIFF'S THIRD CAUSE OF ACTION

51.   Defendants hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

52.   Denied.

53.   Admitted that this Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent the allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

## VII.   PLAINTIFF'S FOURTH CAUSE OF ACTION

54.   Defendants hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

55.   Denied.

56.   Denied.

57.   Admitted that this Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent the allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

## VIII.   PLAINTIFF'S FIFTH CAUSE OF ACTION

58.   Defendants hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

59.   Denied.

60.   Denied.

61.   Denied.

62. Admitted that this Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent the allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

## IX. PLAINTIFF'S SIXTH CAUSE OF ACTION

63. Defendants hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

64. Denied.

65. Admitted that this Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent the allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

## X. PLAINTIFF'S SEVENTH CAUSE OF ACTION[1]

57. Defendants hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

58. Admitted that Defendant Del Pozo published an academic article in 2001. Denied to the extent the allegation suggests that Defendant Del Pozo harbors racial animus or bias towards black and brown people.

59. Admitted that the City Council, in 2015, was aware of the article. Denied to the extent that the allegation suggests the City Council did anything wrong or improper in hiring Defendant Del Pozo. Further denied to the extent the allegation suggests Defendant Del Pozo

---

[1] Plaintiff has mis-numbered the paragraphs in his Complaint. Defendants carry forward with the correct numbering. It appears that this section of Plaintiff's Complaint was copy and pasted from the other Complaint filed in docket number 19–CV–71, which explains the mis-numbering. Defendants have mirrored the mis-numbering for clarity.

harbors racial animus or bias towards black and brown people. Further denied to the extent the allegation suggests that the City Council harbors racial animus or bias towards black and brown people.

    60.    Denied.

    61.    Denied.

    62.    Denied.

    63.    Admitted.

    64.    Denied.

    65.    Denied.

    66.    Admitted that this Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent the allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction

## **AFFIRMATIVE DEFENSES**

    1.    Failure to state a claim upon which relief can be granted.

    2.    Waiver.

    3.    Estoppel.

    4.    Failure to State a Claim upon which relief may be granted.

    5.    Sovereign immunity.

    6.    Qualified immunity.

    7.    Official immunity.

    8.    Privilege.

    9.    Failure to adequately allege a violation of a clearly established right.

10. Failure to show sufficient evidence of the existence of a reasonable likelihood of success on the merits to warrant declaratory and injunctive relief.

11. That some or all of the acts or omissions complained of by Plaintiff did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding that deprived Plaintiff of any civil rights.

12. Indemnification.

13. Failure to exhaust administrative remedies.

14. Unavailability of punitive damages.

15. Failure to mitigate.

16. Superseding intervening cause.

17. Defendant reserves the right to add additional affirmative defenses.

[space intentionally left blank]

## JURY DEMAND

Defendants The City of Burlington, Vermont, Police Chief Brandon del Pozo, Police Officer Jason Bellavance, Police Officer Derek Hodges, Police Officer Bryan Kirby, and Police Officer Cory Campbell demand trial by jury.

DATED at Burlington, Vermont, this 29th day of January, 2020.

                        THE CITY OF BURLINGTON, VERMONT, POLICE CHIEF BRANDON DEL POZO, POLICE OFFICER JASON BELLAVANCE, POLICE OFFICER DEREK HODGES, POLICE OFFICER BRYAN KIRBY, AND POLICE OFFICER CORY CAMPBELL

By: */s/ Pietro J. Lynn*
     Pietro J. Lynn, Esq.
     Lynn, Lynn, Blackman & Manitsky, P.C.
     *Counsel for Defendants*
     76 St. Paul St., Suite 400
     Burlington, VT  05401
     (802) 860-1500
     plynn@lynnlawvt.com