IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MOHAMED LUHIZO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:20-cv-05 |
| | ) |
| CITY OF BURLINGTON, VERMONT | ) |
| | ) |
| BRANDON DEL POZO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE FOR THE CITY OF BURLINGTON, VERMONT | ) |
| | ) |
| JASON BELLAVANCE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF BURLINGTON, VERMONT | ) |
| | ) |
| DEREK HODGES INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF BURLINGTON, VERMONT | ) |
| | ) |
| BRYAN KIRBY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF BURLINGTON, VERMONT | ) |
| | ) |
| CORY CAMPBELL INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF BURLINGTON, VERMONT, | ) |
| | ) |
| Defendants. | ) |

## **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

NOW COME the Defendants, by and through their attorneys, Lynn, Lynn, Blackman & Manitsky, P.C., and pursuant to F.R.C.P. 12(c), hereby move for judgment on the pleadings with respect to three of the claims in the Complaint. Specifically, Defendants move for judgment on the pleadings with respect to the claims brought against the named officers in their official capacities, the failure to train claim brought against the City of Burlington ("the City") and former Burlington Police Department Chief Brandon del Pozo ("del Pozo"), and the equal protection claim brought against the City. In support of this motion, Defendants submit the following Memorandum of Law.

## **Factual Background**

In his Complaint, Mohamed Luhizo ("Mr. Luhizo") states that three Burlington police officers, Officer Derek Hodges ("Officer Hodges"), Officer Bryan Kirby ("Officer Kirby"), and Officer Cory Campbell ("Officer Campbell") detained him and applied excessive force on him on October 6, 2018. (*Compl*. ¶¶ 19-32.)

Based on the October 6, 2018 incident, Mr. Luhizo now brings seven causes of action against a myriad of Defendants. First, he claims that Officers Hodges, Kirby, and Campbell used excessive force against him in violation of federal and state law. (*Id.*, ¶ 39.) Within this claim, Mr. Luhizo also includes federal and state excessive force claims against the City and del Pozo. (*Id.* ¶¶ 41, 44-45.)

In the second, third, fourth, and fifth claims, Mr. Luhizo brings claims for assault and battery, intentional infliction of emotional distress, and gross negligent supervision against Officers Hodges, Kirby, and Campbell. (*Id.*, ¶ ¶ 46-62.)

In the sixth claim, Mr. Luhizo alleges that the City, del Pozo, and Sergeant Bellavance negligently failed to control, train, supervise, and discipline police officers, including Officers Hodges, Kirby, and Campbell, "concerning the rights of citizens and victims," thereby causing Officers Hodges, Kirby, and Campbell to engage in the unlawful conduct. (*Id.*, ¶¶ 63-65.)

In the seventh claim, Mr. Luhizo alleges that the City and del Pozo encouraged the unlawful use of force against racial minorities and that as a consequence Officers Hodges, Kirby, and Campbell used unlawful force against him because he is a racial minority in violation of the equal protection clause of the Fourteenth Amendment. (*Id.*, ¶¶ 57-66.) He alleges generally that officers of the Burlington Police Department ("BPD") "identify themselves as law enforcement and issue verbal commands when encountering disorderly situations involving white persons" and that "officers fail to identify themselves, act aggressively towards and deploy sudden and overwhelming force, which generally constitutes excessive force in and of itself, when encountering disorderly situations involving black persons." (*Id.* ¶ 61.) In support of his claim, he also alleges that statistics compiled by the City of Burlington show that black persons are disproportionately represented in the pool of suspects who had force used against them and are overrepresented when compared to both white and other races of people of color. (*Id.*, ¶ 64.)

Mr. Luhizo brings all claims against del Pozo and Sergeant Bellavance, Officers Hodges, Kirby, and Campbell in both their official and personal capacities. (*Id.*, ¶¶ 4–8.)

## Legal Standard

The "standards for dismissal pursuant to Rule 12(c) are the same as for a dismissal pursuant to Rule 12(b)(6)." *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 324–25 (2d Cir. 2011) (citing *inter alia, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive . . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

3

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff pleads factual content that allows "'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citing *Twombly*, 550 U.S. at 556.). *See Order* (Doc. 115, 5).

## Argument

The Court should grant judgment on the pleadings in favor of Defendants with respect to several of the claims in the Complaint. First, the Court should grant judgment on the pleadings in favor of the named officers with respect to claims brought against them in their official capacities because those claims are duplicative of claims brought against the City. Second, the Court should grant judgment on the pleadings in favor of the City, Mr. del Pozo, and Officer Bellavance with respect to the claims for failure to train Officers Hodges, Kirby, and Campbell because Mr. Luhizo does not allege any deficiencies in the Burlington Police Department's training program. Third, the Court should grant judgment on the pleadings in favor of the City with respect to the Fourteenth Amendment equal protection claim because Mr. Luhizo has not provided any statistics to support his claim such as are required for a disparate impact claim and because Mr. Luhizo has not properly established a class of one claim.

### I. Mr. Luhizo's claims against the named officers in their official capacities are duplicative of claims brought against the City and should be dismissed.

Mr. Luhizo's claims against the named officers in their official capacities are duplicative of the claims brought against the City and should be dismissed. Plaintiff brings claims against del Pozo, Sergeant Bellavance, and Officers Hodges, Kirby, and Campbell both in their official capacities and in their individual capacities. (*See Compl.*, ¶¶ 4-8.) When this occurs, the suit against the officers is really a suit against the entity, e.g., the City of Burlington. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (stating official capacity suits "generally represent only

4

another way of pleading an action against an entity of which an officer is an agent.). Thus, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. A government entity is liable under § 1983 only when the entity itself is the "moving force" behind the deprivation. *Id*. Although there is no limitation on the ability of a plaintiff to sue an official both in their official and individual capacities, *see, e.g.*, *Kendrick v. Town of Winchester / Windsted*, 11 F.Supp.2d 212, 216 (D. Conn. 1998), where a complaint asserts a § 1983 claim against both a municipal official in his official capacity and a municipal entity, the official capacity claim should be dismissed as duplicative and/or redundant. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001); *see also Baines v. Masiello*, 288 F. Supp. 2d 376, 384–85 (W.D.N.Y. 2003) (dismissing claims against municipal officers as duplicative of claims against the municipality itself). Therefore, all of the claims against the named officers in their official capacities should be dismissed.

## II. **Mr. Luhizo's claims against the City, del Pozo, and Sergeant Bellavance for failure to train Officers Hodges, Kirby, and Campbell do not establish a prima facie case because Mr. Luhizo does not allege any deficiencies in the Burlington Police Department's training program.**

As a general rule, municipalities cannot be vicariously liable under 42 U.S.C. § 1983 for their employees' acts. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978). Instead, municipalities are only liable for constitutional deprivations resulting from governmental policy or custom. *Id*. at 694. A plaintiff may demonstrate that such a policy or custom exists by introducing evidence of one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes

> a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Jones v. Westchester Cnty.*, 182 F.Supp.3d 134, 158 (S.D.N.Y. 2016) (quoting *Brandon v. City of N.Y.*, 705 F.Supp.2d 261, 276–77 (S.D.N.Y. 2010)). To prevail on a *Monell* claim, a plaintiff must show that "there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation" he suffered. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Here, Mr. Luhizo has predicated his *Monell* claims on failure to control, train, supervise, and discipline. (*See* Compl., ¶¶ 63-65.)

When a *Monell* claim relies on the theory that the municipality failed to "train certain employees about their legal duty to avoid violating [individuals'] rights," the plaintiff must show that the "municipality's failure to train its employees in a relevant respect . . . amount[ed] to 'deliberate indifference to the rights of persons with whom the [untrained employees] came into contact." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). Likewise, to prevail on a *Monell* claim based on the theory that the municipality failed to adequately supervise or discipline its employees (thereby implicitly encouraging the unconstitutional behavior), a plaintiff must show that such failure of supervision or discipline was tantamount to deliberate indifference. *Reynolds v. Guiliani*, 506 F.3d 183, 192 (2d Cir. 2007). In either context, "[d]eliberate indifference is a stringent standard of fault requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 563 U.S. at 61.

To establish that a municipality acted with deliberate indifference for purposes of a failure-to-train claim, a plaintiff must meet three requirements:

6

> First, the plaintiff must show that a policymaker knows "to a moral certainty" that her employees will confront a given situation. Thus, a policymaker does not exhibit deliberate indifference by failing to train employees for rare or unforeseen events.
>
> Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation . . . .
>
> Finally, the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights. Thus, municipal policymakers may appropriately concentrate training and supervision resources on those situations where employee misconduct is likely to deprive citizens of constitutional rights.

*Walker v. City of N.Y.*, 974 F.2d 293, 297–98 (2d Cir. 1992) (internal quotation marks and citations omitted). To make out such a claim, a plaintiff generally must show that "city policymakers [were] on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights" but nevertheless chose to retain the program. *Connick*, 563 U.S. 61–62. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for failure to train." *Id.* at 62. In addition, to prevail on a failure-to-train claim, a plaintiff must "identify a specific deficiency in the city's training program and establish that the deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation." *Wray v. City of New York*, 490 F.3d 189, 196 (2d Cir. 2007).

Because Mr. Luhizo has not alleged any specific deficiencies in the City's training program, the court should grant judgment on the pleadings in favor of the City, Mr. del Pozo, and Officer Bellavance with respect to the failure to train claim.

### III.     Mr. Luhizo has not Adequately Alleged Fourteenth Amendment equal protection claim against the City.

The Equal Protection Clause of the United States Constitution demands that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). "There are several ways for a plaintiff to plead intentional discrimination that violates the Equal Protect Clause." *Brown v. City of Oneonta, New York*, 221 F.3d 329, 337 (2d Cir. 2000). A plaintiff could: (1) "point to a law or policy that expressly classifies persons on [improper basis]"; (2) "identify a facially neutral law or policy that has been applied in an intentionally discriminatory manner;" or (3) "allege that a facially neutral statute or policy has an adverse effect and that it was motivated by discriminatory animus." *Id*. Here, Plaintiff appears to proceed under the second and third theories.

Plaintiff raises a selective enforcement and disparate impact claim. To prevail on a selective enforcement theory, Plaintiff "must show that: '(1) the person compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Wright v. NYPD Officer Michael Marietta*, No. 14–CV–8976, 2916 WL 482973, at *3 (S.D.N.Y. Feb. 5, 2016) (quoting *Lisa's Party City, Inc. v. Town of Henrietta*, 185 F.3d 12, 16 (2d Cir. 1999)). "A showing that the plaintiff was treated differently compared to others similarly situated is a 'prerequisite' and a 'threshold' to a selective treatment claim." *Id*. (quoting *Mosdos Chofetz Claim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 692 (S.D.N.Y. 2011)). "[N]aked assertions of discrimination are insufficient." *Id*. (quoting *Liang v. City of New York*, No. 10–CV–3089, 2013 WL 5366394, at *11 (E.D.N.Y. Sept. 24, 2013)).

8

Plaintiff does not allege anywhere in his Complaint that the City intentionally discriminated against him, other than in a conclusory fashion. This is grounds alone for granting judgment on the pleadings on Plaintiff's selective enforcement claim in Defendants' favor. *See Traylor v. Hammond*, 94 F. Supp. 3d 2013, 215 (D. Conn. 2015) ("Claims of race-based discrimination under the Equal Protection Clause require that intentional discrimination be alleged in a non-conclusory fashion." (internal quotation marks omitted) (citing *Clyburn v. Shields*, 33 Fed. App'x 552, 555 (2d Cir. 2002) (summary order)). Likewise, Plaintiff fails to allege in his Complaint that he was treated differently than other, similarly situated individuals. This is grounds for granting judgment on the pleadings in Defendants favor on Plaintiff's selective enforcement theory. *See Dava v. City of New York*, No. 15–CV–8575, 2016 WL 4532203, at *7 (S.D.N.Y. Aug. 29, 2016) (holding that the plaintiff's "naked assertions of discrimination, absent any factual allegations regarding his own treatment in comparison to the treatment of other similarly situated individuals," meant his "equal protection claim [could not] be sustained under a theory of selective enforcement."); *Olivera v. Town of Woodbury, N.Y.*, 281 F. Supp. 2d 674, 683 (S.D.N.Y. 2003) (granting summary judgment for defendant police officer on class of one racial profiling claim because plaintiff could not point to similarly situated comparators from outside "his protected class" who were treated differently) *aff'd*, 99 Fed. App'x 298 (2d Cir. 2004).

Likewise, Plaintiff has not adequately alleged a disparate impact claim because he has not alleged that the City passed its use-of-force policy *because* it had a disparate impact on black and brown people. *See Hayden v. Patterson*, 594 F.3d 150, 162–63 (2d Cir. 2010) ("[P]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause . . . . Although disproportionate impact is not irrelevant to violate the Fourteenth

9

Amendment, the disproportionate impact must be traced to a *purpose* to discriminate based on race." (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977) (emphasis in original) (alterations, citations, and internal quotation marks omitted)).

Admittedly, discriminatory intent is rarely susceptible to direct proof—thus a court examining a disparate impact claim predicated on discriminatory intent must make "a sensitive inquiry into such circumstantial and direct evidence of intent as may be available. The impact of the official action whether it bears more heavily on one race than another may provide an important starting point." *Arlington Heights*, 429 U.S. at 266. But, unless a "clear pattern, unexplainable on grounds other than race, emerges," *id.*, "impact alone is not determinative, and the Court must look to other evidence." *Id.* (footnote omitted). Other relevant considerations for discerning a racially discriminatory intent include "[t]he historical background of the decision . . . particularly if it reveals a series of official action for invidious purposes," *Id.* at 267, "[d]epartures from the normal procedural sequence," *id.*, "[s]ubstantive departures," *id.*, and "[t]he legislative or administrative history . . . especially where there are contemporary statements by members of the decision-making body, minutes, or reports." *Id.* at 268.

Here, Plaintiff does not allege that the City passed its use-of-force policy because it disproportionally impacted black and brown folks. Instead, Plaintiff alleges that statistical data compiled by the City shows that black and brown people experience force to a greater degree than white people. "Disparate impact claims typically rely on statistics, and 'involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.'" *Weinreb v. Xerox Business Servs., LLC Health and Welfare Plan*, 323 F.Supp.3d 501, 517 (S.D.N.Y. 2018); *id.* ("In order to prevail on a disparate impact claim, a plaintiff must establish a

prima facie case of discrimination. A plaintiff makes such a showing by first point out the specific employment practice it is challenging and then demonstrating that the challenged employment practice caused a significant disparate impact on a protected group. A plaintiff may rely solely on statistical evidence to establish a prima facie case of disparate impact." (quoting *EEOC v. Joint Apprenticeship Comm. of Joint Indus. Bd. of Elec., Indus.*, 186 F. 3d 110, 117 (2d Cir. 1999))); *see also Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 69 (2d Cir. 2015) (noting that statistical evidence may establish a *prima facie* case of discriminatory intent when "the statistics [] not only [are] statistically significant in the mathematical sense, but they [are] also [] of a level that makes other plausible non-discriminatory explanations very unlikely.").

In his Complaint, Plaintiff alleges that "[s]tatistics compiled by the City of Burlington show that black persons are disproportionately represented in the pool of suspects who had force against them and are over represented [sic] when compared to both whites and other races of people of color." (*Compl.* ¶ 64.) In fact, the statistics referenced by Plaintiff reveal that the City's use-of-force policy is *not* having a disparate impact on black and brown people. *See* 2017 Use of Force Report *available at* https://www.burlingtonvt.gov/sites/default/files/Police/files/UOF2.8.17.pdf; and 2019 Use of Force Report *available at* https://www.burlingtonvt.gov/sites/default/files/u585/Reports/BPD%20Use%20of%20Force%20Report.pdf.[1]

---

[1] Although generally courts may not consider documents outside the complaint in deciding a Rule 12(c) motion, where, as here, the complaint references the document, a court may consider it. *See Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F.Supp.2d 679, 691 (S.D.N.Y. 2011). Likewise, even if a document is not incorporated by reference, documents that a plaintiff "either [had] in its possession or had knowledge of and upon which [it] relied in bringing suit," may be properly considered by the Court. *Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). Plaintiff both references the use-of-force reports and had knowledge of these reports when he drafted his Complaint. Thus, the Court may properly consider them in deciding whether Plaintiff has plausibly alleged a disparate impact claim.

Because Plaintiff fails to plausibly plead a disparate impact claim against the City, the City is entitled to judgment on the pleadings for that claim.

## Conclusion

Defendants are entitled to judgment on the pleadings with respect to the claims brought against the named officers in their official capacities, because they are duplicative of the claims brought against the City. Likewise, Defendants are entitled to judgment on the pleadings for the failure to train claim brought against the City of Burlington ("the City") and former Burlington Police Department Chief Brandon del Pozo ("del Pozo"), because Plaintiff fails to allege a deficiency within the City's training program necessary to make out such a claim. Finally, the City is entitled to judgment on the pleadings on Plaintiff's equal protection claim because Plaintiff fails to adequately allege the kind of discrimination necessary to support such a claim. These claims should be dismissed.

Dated at Burlington, Vermont this 1st day of May, 2020.

       THE CITY OF BURLINGTON, BRANDON DEL POZO, JASON BELLAVANCE, DEREK HODGES, BRYAN KIRBY, AND CORY CAMPBELL

By: /s/ *Pietro J. Lynn*
    Pietro J. Lynn, Esq.
    Kienan Christianson, Esq.
    Lynn, Lynn, Blackman & Manitsky, P.C.
    76 St. Paul Street, Suite 400
    Burlington, VT 05401
    plynn@lynnlawvt.com